# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

## ABBREVIATED ELECTRONIC RECORD

Case Caption: Shumow v Keolis Commuter Services, LLC et al

District Court Number: 22cv11623-MJJ

Fee:    Paid?   Yes __X__   No _____    Government filer _____   *In Forma Pauperis* Yes _____   No _____

Motions Pending     Yes _____ No __X__          Sealed documents     Yes _____ No __X__
*If yes, document #* _____          *If yes, document #* _____

*Ex parte* documents     Yes _____ No __X__          Transcripts     Yes _____ No __X__
*If yes, document #* _____          *If yes, document #* _____

Notice of Appeal filed by: Plaintiff/Petitioner __X__   Defendant/Respondent _____   Other: _____

Appeal from:

## #93 Memorandum of Decision, #94 Judgment
Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #93, #94, and #95
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # __95__ filed on __April 30, 2025__.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __April 30, 2025__.

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:22-cv-11623-MJJ

Shumow v Keolis Commuter Services, LLC et al
Assigned to: Judge Myong J. Joun
Demand: $75,000
Cause: 28:1332 Diversity-Wrongful Death

Date Filed: 09/26/2022
Date Terminated: 03/31/2025
Jury Demand: Both
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Rose Shumow**
*as Personal Representative of the Estate of Moses Shumow*

represented by **Austin J. Freeley**
Law Office of Austin J. Freeley
171 Milk Street
Boston, MA 02109
617-723-9538
Fax: 617-557-0099
Email: freeleybostonlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Keolis Commuter Services, LLC**

represented by **Jennifer M. Lee**
Bonistalli & Lee
265 Franklin Street
Floor 12
02110
Boston, MA 02110
617-737-1771
Email: jennifer@b-llaw.com
*ATTORNEY TO BE NOTICED*

**John J. Bonistalli**
Bonistalli & Lee
699 Boylston St
Floor 12
02116
Boston, MA 02116
617-737-1771
Email: john@b-llaw.com
*ATTORNEY TO BE NOTICED*

**Lindsay L Jacobsen**
Bonistalli & Lee
699 Boylston Street
12th Floor
Boston, MA 02116

617-737-1771
Email: lindsay.jacobsen@bonistallilaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MBTA**                                            represented by   **Jennifer M. Lee**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **John J. Bonistalli**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Lindsay L Jacobsen**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Nathan Drown**                                    represented by   **Jennifer M. Lee**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **John J. Bonistalli**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Lindsay L Jacobsen**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**City of Beverly**                                 represented by   **Adam Simms**
                                                                    Pierce Davis & Perritano LLP
                                                                    Suite 1100
                                                                    10 Post Office Square
                                                                    Boston, MA 02109-4603
                                                                    617-350-0950
                                                                    Fax: 617-350-7760
                                                                    Email: asimms@piercedavis.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Matthew Joseph Hamel**
                                                                    Pierce, Davis & Perritano, LLP
                                                                    10 Post Office Square
                                                                    Suite 1100
                                                                    Boston, MA 02109
                                                                    508-333-0868
                                                                    Email: MHamel@piercedavis.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|---|---|---|
| 09/26/2022 | 1 | COMPLAINT against All Defendants Filing fee: $ 402, receipt number AMADC-9514077 (Fee Status: Filing Fee paid), filed by Rose Shumow(Attachments: # 1 Civil Cover Sheet, # 2 Category Form)(Freeley, Austin) (Entered: 09/26/2022) |
| 09/26/2022 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge Denise J. Casper assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Paul G. Levenson. (Finn, Mary) (Entered: 09/26/2022) |
| 09/26/2022 | 3 | Summons Issued as to City of Beverly, Keolis Commuter Services, LLC, MBTA, Nathan Drown. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (de Oliveira, Flaviana) (Entered: 09/26/2022) |
| 09/29/2022 | 4 | AMENDED COMPLAINT against All Defendants, filed by Rose Shumow. (Attachments: # 1 Exhibit FRA letter)(Freeley, Austin) (Entered: 09/29/2022) |
| 10/11/2022 | 5 | WAIVER OF SERVICE Returned Executed by Rose Shumow. Keolis Commuter Services, LLC waiver sent on 10/7/2022, answer due 12/6/2022. (Freeley, Austin) (Entered: 10/11/2022) |
| 10/11/2022 | 6 | WAIVER OF SERVICE Returned Executed by Rose Shumow. MBTA waiver sent on 10/7/2022, answer due 12/6/2022. (Freeley, Austin) (Entered: 10/11/2022) |
| 10/11/2022 | 7 | WAIVER OF SERVICE Returned Executed by Rose Shumow. Nathan Drown waiver sent on 10/7/2022, answer due 12/6/2022. (Freeley, Austin) (Entered: 10/11/2022) |
| 10/11/2022 | 8 | NOTICE of Appearance by Jennifer M. Lee on behalf of Keolis Commuter Services, LLC, MBTA, Nathan Drown (Lee, Jennifer) (Entered: 10/11/2022) |
| 10/11/2022 | 9 | NOTICE of Appearance by John J. Bonistalli on behalf of Keolis Commuter Services, LLC, MBTA, Nathan Drown (Bonistalli, John) (Entered: 10/11/2022) |
| 10/19/2022 | 10 | NOTICE of Appearance by Matthew Joseph Hamel on behalf of City of Beverly (Hamel, Matthew) (Entered: 10/19/2022) |
| 10/19/2022 | 11 | NOTICE of Appearance by Adam Simms on behalf of City of Beverly (Simms, Adam) (Entered: 10/19/2022) |
| 10/19/2022 | 12 | WAIVER OF SERVICE Returned Executed by Rose Shumow. City of Beverly waiver sent on 10/7/2022, answer due 12/6/2022. (Freeley, Austin) (Entered: 10/19/2022) |
| 12/05/2022 | 13 | ANSWER to 4 Amended Complaint by City of Beverly.(Hamel, Matthew) (Entered: 12/05/2022) |
| 12/06/2022 | 14 | NOTICE of Scheduling Conference. Scheduling Conference set for 1/17/2023 02:00 PM in Courtroom 11 (Remote only) before Judge Denise J. Casper.<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the session's courtroom deputy as soon as possible. |

| | | Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the Court's general orders and public notices available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.<br><br>(Hourihan, Lisa) (Entered: 12/06/2022) |
|---|---|---|
| 12/06/2022 | 15 | Judge Denise J. Casper: ORDER entered. Standing Order Re: Courtroom Opportunities for Relatively Inexperienced Attorneys(Hourihan, Lisa) (Entered: 12/06/2022) |
| 12/06/2022 | 16 | Judge Denise J. Casper: Standing Order Regarding Appearance of Counsel Via Telephone or Video Conference(Hourihan, Lisa) (Entered: 12/06/2022) |
| 12/06/2022 | 17 | AMENDED COMPLAINT *AND JURY DEMAND* against Rose Shumow, filed by Keolis Commuter Services, LLC, MBTA, Nathan Drown.(Lee, Jennifer) (Entered: 12/06/2022) |
| 01/11/2023 | 18 | JOINT SUBMISSION pursuant to Local Rule 16.1 by Rose Shumow.(Freeley, Austin) (Entered: 01/11/2023) |
| 01/17/2023 | 19 | Electronic Clerk's Notes for proceedings held before Judge Denise J. Casper: Scheduling Conference held on 1/17/2023 by video conference. Response to settlement demand by 1/31/23. Initial disclosures due by 1/31/23. Amended Pleadings due by 2/28/2023. Written discovery by 6/30/23. Fact discovery to be completed by 9/29/23. Plaintiff's expert disclosures due by 9/29/23. Defendants' expert disclosures due by 10/31/23. Expert discovery to be completed by 11/30/2023. Motions for Summary Judgment to be filed by 12/29/2023 with opposition due 21 days after service. Status Conference set for 10/2/2023 02:15 PM in Courtroom 11 (Remote only) before Judge Denise J. Casper.<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the sessions courtroom deputy as soon as possible.<br><br>Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: www.public.mad.uscourts.gov/seating-signup.<br><br>For questions regarding access to hearings, you may refer to the Courts general orders and public notices available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.<br><br>(Court Reporter: Debra Joyce at joycedebra@gmail.com.)(Attorneys present: Austin Freeley for the plaintiff. Matthew Hamel and Jennifer Lee for the defendants.) (Hourihan, Lisa) (Entered: 01/18/2023) |
| 01/17/2023 | 20 | Judge Denise J. Casper: ORDER entered. SCHEDULING ORDER.(Hourihan, Lisa) (Entered: 01/18/2023) |
| 01/19/2023 | 21 | NOTICE by Rose Shumow *KOR Subpoena to Dewberry* (Attachments: # 1 Exhibit Dewberry Preservation Letter)(Freeley, Austin) (Entered: 01/19/2023) |

| 01/20/2023 | 22 | EXHIBIT re 21 Notice (Other) *KOR Subpoena to Dewberry* by Rose Shumow. (Freeley, Austin) (Entered: 01/20/2023) |
|---|---|---|
| 08/14/2023 | 23 | ELECTRONIC NOTICE of Reassignment. Judge Myong J. Joun added. Judge Denise J. Casper no longer assigned to case. (Danieli, Chris) (Entered: 08/14/2023) |
| 08/15/2023 | 24 | ELECTRONIC NOTICE OF RESCHEDULING.<br><br>The Status Conference is rescheduled to September 28, 2023 at 2:30 p.m. by remote proceedings before Judge Myong J. Joun.<br><br>This hearing will be conducted by video conference. Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the courtroom deputy of the session as soon as possible.<br><br>Access to the hearing will be made available to the media and public. In order to gain access to the hearing, you must sign up at the following address: https://forms.mad.uscourts.gov/courtlist.html.<br><br>For questions regarding access to hearings, you may refer to the general orders and public notices of the Court available on www.mad.uscourts.gov or contact media@mad.uscourts.gov.<br><br>(York, Steve) (Entered: 08/15/2023) |
| 09/19/2023 | 25 | NOTICE of Change of Address by Keolis Commuter Services, LLC, MBTA, Nathan Drown (Currie, Haley) (Entered: 09/19/2023) |
| 09/21/2023 | 26 | Joint MOTION for Extension of Time to Complete Discovery by City of Beverly. (Hamel, Matthew) (Entered: 09/21/2023) |
| 09/22/2023 | 27 | Judge Myong J. Joun: ELECTRONIC ORDER entered granting 26 Joint Motion for Extension of Time to Complete Discovery.<br><br>**Scheduling order deadlines are extended as follows:** Completion of non-expert discovery by December 29, 2023; Dispositive motions by February 23, 2024.<br><br>(York, Steve) (Entered: 09/22/2023) |
| 09/22/2023 | 28 | ELECTRONIC NOTICE Canceling Hearing. The Status Conference previously set for September 28, 2023 at 2:30 p.m. before Judge Myong J. Joun is now **canceled** .(York, Steve) (Entered: 09/22/2023) |
| 12/14/2023 | 29 | Joint MOTION for Discovery -*JOINT MOTION TO EXTEND THE SCHEDULING ORDER DEADLINES* by City of Beverly.(Hamel, Matthew) (Entered: 12/14/2023) |
| 12/15/2023 | 30 | Judge Myong J. Joun: ELECTRONIC ORDER entered **Granting** 29 Joint Motion to extend the scheduling Order Deadlines. **Given the prior extension in the schedule by three months, and this additional extension, a further request for extension is unlikely to be granted.**<br><br>**AMENDED DEADLINES:**<br><br>Non-Expert Discovery Completed by February 29, 2024;<br>Plaintiffs Expert Disclosures by February 29, 2024;<br>Defendants Expert Disclosures by April 1, 2024;<br>Expert Discovery completed by May 1, 2024; |

| | | |
|---|---|---|
| | | Dispositive Motions Filed by May 31, 2024;<br>Opposition to Dispositive Motions Filed by 21 days after service.<br><br>(York, Steve) (Entered: 12/15/2023) |
| 03/01/2024 | [31](#) | NOTICE by Rose Shumow *of Status of Discovery and Request for Status Conference* (Freeley, Austin) (Entered: 03/01/2024) |
| 03/04/2024 | 32 | ELECTRONIC NOTICE of Hearing.<br><br>**A Status conference is set for 4/17/2024 at 2:45 p.m. remotely by video before Judge Myong J. Joun.**<br><br>Counsel of record will receive a video conference invite at the email registered in CM/ECF.<br><br>(York, Steve) (Entered: 03/04/2024) |
| 03/05/2024 | [33](#) | MOTION to Amend *RESPONSES TO REQUESTS FOR ADMISSIONS PURSUANT TO FED. R. CIV. P. 36(b)* by City of Beverly.(Hamel, Matthew) (Entered: 03/05/2024) |
| 03/05/2024 | [34](#) | MEMORANDUM in Support re [33](#) MOTION to Amend *RESPONSES TO REQUESTS FOR ADMISSIONS PURSUANT TO FED. R. CIV. P. 36(b)* filed by City of Beverly. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Hamel, Matthew) (Entered: 03/05/2024) |
| 03/19/2024 | [35](#) | Opposition re [33](#) MOTION to Amend *RESPONSES TO REQUESTS FOR ADMISSIONS PURSUANT TO FED. R. CIV. P. 36(b)* filed by Rose Shumow. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6) (Freeley, Austin) (Entered: 03/19/2024) |
| 03/21/2024 | [36](#) | MOTION for Extension of Time by Keolis Commuter Services, LLC, MBTA, Nathan Drown.(Lee, Jennifer) (Entered: 03/21/2024) |
| 03/22/2024 | [37](#) | Opposition re [36](#) MOTION for Extension of Time filed by Rose Shumow. (Freeley, Austin) (Entered: 03/22/2024) |
| 03/25/2024 | 38 | Judge Myong J. Joun: ORDER entered **GRANTING in part** [36](#) Motion for Extension of Time. **The Scheduling Order is AMENDED as follows:**<br><br>**AMENDED DEADLINES:**<br><br>The Train Defendants will supply supplemental answers tointerrogatories disclosing the names of any experts and the general subjectmatter of their testimony by April 5, 2024.<br>The Train Defendants will supply their Rule 26 ExpertReports by April 30, 2024.<br>Expert Deposition Deadline by May 31, 2024.<br>Dispositive Motions, if any, by June 21, 2024.<br>Opposition to dispositive motions due 21 days thereafter.<br><br>(York, Steve) (Entered: 03/25/2024) |
| 04/03/2024 | [39](#) | MOTION to Compel *Production of Documents* by Rose Shumow. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2)(Freeley, Austin) (Entered: 04/03/2024) |
| 04/10/2024 | [40](#) | Opposition re [39](#) MOTION to Compel *Production of Documents* filed by MBTA. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8)(Lee, Jennifer) (Entered: 04/10/2024) |
| 04/16/2024 | 41 | NOTICE OF RESCHEDULING. |

| | | |
|---|---|---|
| | | **The Status Conference is rescheduled to 4/25/2024 at 2:45 PM in Courtroom 20 (Remote only) before Judge Myong J. Joun.** A status report is due by 4/23/2024. |
| | | Counsel of record will receive a video conference invite at the email registered in CM/ECF. |
| | | (York, Steve) (Entered: 04/16/2024) |
| 04/23/2024 | 42 | Status Report by Rose Shumow *Re: Scheduling Status* (Freeley, Austin) Modified on 4/24/2024 to fix entry type. (York, Steve). (Entered: 04/23/2024) |
| 04/25/2024 | 43 | Electronic Clerk's Notes for proceedings held before Judge Myong J. Joun: Status Conference held on 4/25/2024. |
| | | This hearing was held remotely by videoconference. The Court reviewed the status of the case with the parties. The Court also heard arguments from the parties as to the pending motions. Order to be entered. |
| | | (Court Reporter: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com.)(Attorneys present: Freeley for the plaintiff; Lee, Bonistalli & Hamel for the defendant.) (York, Steve) (Entered: 04/26/2024) |
| 04/26/2024 | 44 | Judge Myong J. Joun: ELECTRONIC ORDER entered re 33 Motion to Amend Responses to Requests for Admissions; & 39 Motion to Compel Production of Documents. |
| | | After hearing, Defendant City of Beverly's motion to amend responses to request for admissions, Doc. No. 33 , is **ALLOWED**, and Plaintiff's motion to compel, Doc. No. 39 , is **DENIED** for the reasons stated on the record. |
| | | (York, Steve) (Entered: 04/26/2024) |
| 04/26/2024 | 45 | ELECTRONIC NOTICE of Hearing. |
| | | **Trial is set to begin on 1/13/2024 at 9:00 a.m. in Courtroom 20 (In person only) before Judge Myong J. Joun and expected to last 3 weeks.** |
| | | (York, Steve) (Entered: 06/04/2024) |
| 06/04/2024 | 46 | Assented to MOTION for Extension of Time to July 31, 2024 to Extend Summary Judgment Deadlines by Keolis Commuter Services, LLC.(Lee, Jennifer) (Entered: 06/04/2024) |
| 06/05/2024 | 47 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 46 Assented to Motion for Extension of Time to July 31, 2024 to Extend Summary Judgment Deadlines. |
| | | **<u>AMENDED DEADLINES:</u>** |
| | | Summary Judgment Motions are due by 7/31/2024. Opposition to summary judgment motions due by 8/21/2024. Replies are due by 9/4/2024. |
| | | (York, Steve) (Entered: 06/05/2024) |
| 07/31/2024 | 48 | MOTION for Summary Judgment by MBTA.(Lee, Jennifer) (Entered: 07/31/2024) |

| 07/31/2024 | 49 | MOTION for Summary Judgment by Keolis Commuter Services, LLC, Nathan Drown. (Lee, Jennifer) (Entered: 07/31/2024) |
|---|---|---|
| 07/31/2024 | 50 | Statement of Material Facts L.R. 56.1 re 49 MOTION for Summary Judgment , 48 MOTION for Summary Judgment filed by Keolis Commuter Services, LLC, MBTA, Nathan Drown. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35)(Lee, Jennifer) (Entered: 07/31/2024) |
| 07/31/2024 | 51 | NOTICE by Keolis Commuter Services, LLC, MBTA, Nathan Drown re 50 Statement of Material Facts L.R. 56.1,,, (Lee, Jennifer) (Entered: 07/31/2024) |
| 07/31/2024 | 52 | MEMORANDUM in Support re 48 MOTION for Summary Judgment filed by MBTA. (Lee, Jennifer) (Entered: 07/31/2024) |
| 07/31/2024 | 53 | MOTION for Summary Judgment by City of Beverly.(Hamel, Matthew) (Entered: 07/31/2024) |
| 07/31/2024 | 54 | MEMORANDUM in Support re 53 MOTION for Summary Judgment filed by City of Beverly. (Hamel, Matthew) (Entered: 07/31/2024) |
| 07/31/2024 | 55 | MEMORANDUM in Support re 49 MOTION for Summary Judgment filed by Keolis Commuter Services, LLC, Nathan Drown. (Lee, Jennifer) (Entered: 07/31/2024) |
| 07/31/2024 | 56 | Statement of Material Facts L.R. 56.1 re 53 MOTION for Summary Judgment filed by City of Beverly. (Attachments: # 1 INDEX OF EXHIBITS, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27)(Hamel, Matthew) (Entered: 07/31/2024) |
| 07/31/2024 | 57 | NOTICE of Appearance by Lindsay L Jacobsen on behalf of Keolis Commuter Services, LLC (Jacobsen, Lindsay) (Entered: 07/31/2024) |
| 07/31/2024 | 58 | NOTICE OF MANUAL FILING by City of Beverly re 56 Statement of Material Facts L.R. 56.1,, -*Ex. 22-Dashcam Footage* (Hamel, Matthew) (Entered: 07/31/2024) |
| 08/19/2024 | 59 | MOTION for Extension of Time to September 6, 2024 to File Oppositions to Motions for Summary Judgment by Rose Shumow.(Freeley, Austin) (Entered: 08/19/2024) |
| 08/19/2024 | 60 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 59 Motion for Extension of Time to September 6, 2024 to File Oppositions to Motions for Summary Judgment. (Phillips, Sophie) (Entered: 08/19/2024) |
| 09/03/2024 | 61 | First MOTION for Leave to File Excess Pages by Rose Shumow.(Freeley, Austin) (Entered: 09/03/2024) |
| 09/04/2024 | 62 | Statement of Material Facts L.R. 56.1 re 49 MOTION for Summary Judgment , 48 MOTION for Summary Judgment filed by Rose Shumow. (Attachments: # 1 36, # 2 37, # 3 38, # 4 39, # 5 40, # 6 41, # 7 42, # 8 43, # 9 44, # 10 45, # 11 46, # 12 47, # 13 48, # 14 49, # 15 50, # 16 51, # 17 52, # 18 53, # 19 54, # 20 55, # 21 56, # 22 57, # 23 58, # 24 59, # 25 60, # 26 61, # 27 62, # 28 63, # 29 64, # 30 65, # 31 66, # 32 67, # 33 68, # |

| | | |
|---|---|---|
| | | [34](#) 69, # [35](#) 70, # [36](#) 71, # [37](#) 72, # [38](#) 73, # [39](#) 74, # [40](#) 75, # [41](#) 76, # [42](#) 77, # [43](#) 78, # [44](#) 79, # [45](#) 80, # [46](#) 81, # [47](#) 82, # [48](#) 83, # [49](#) 84, # [50](#) 85, # [51](#) 86, # [52](#) 87, # [53](#) 88, # [54](#) 89, # [55](#) 90, # [56](#) 91, # [57](#) 92, # [58](#) 93, # [59](#) 94, # [60](#) 95, # [61](#) EXHIBIT LIST) (Freeley, Austin) (Entered: 09/04/2024) |
| 09/04/2024 | [63](#) | MOTION for Leave to File Excess Pages by Rose Shumow.(Freeley, Austin) (Entered: 09/04/2024) |
| 09/04/2024 | [64](#) | NOTICE OF MANUAL FILING by Rose Shumow re [62](#) Statement of Material Facts L.R. 56.1,,, (Freeley, Austin) (Entered: 09/04/2024) |
| 09/04/2024 | 65 | Judge Myong J. Joun: ELECTRONIC ORDER entered **TERMINATING AS MOOT** [61](#) Motion for Leave to File Excess Pages; **GRANTING** [63](#) Motion for Leave to File Excess Pages ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Phillips, Sophie) (Entered: 09/04/2024) |
| 09/04/2024 | [66](#) | Opposition re [49](#) MOTION for Summary Judgment *of Keolis and Nathan Drown* filed by Rose Shumow. (Freeley, Austin) (Entered: 09/04/2024) |
| 09/04/2024 | [67](#) | Opposition re [48](#) MOTION for Summary Judgment *of MBTA* filed by Rose Shumow. (Freeley, Austin) (Entered: 09/04/2024) |
| 09/05/2024 | [68](#) | MOTION for Extension of Time to September 13, 2024 to File Opposition to City of Beverly's Motion for Summary Judgment by Rose Shumow.(Freeley, Austin) (Entered: 09/05/2024) |
| 09/05/2024 | 69 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** [68](#) Motion for Extension of Time September 13, 2024 to File Opposition to City of Beverly's Motion for Summary Judgment. (Phillips, Sophie) (Entered: 09/05/2024) |
| 09/05/2024 | [70](#) | Assented to MOTION for Extension of Time to October 2, 2024 to File Response/Reply by Keolis Commuter Services, LLC, MBTA, Nathan Drown.(Jacobsen, Lindsay) (Entered: 09/05/2024) |
| 09/06/2024 | 71 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** [70](#) Assented to MOTION for Extension of Time to October 2, 2024 to File Response/Reply (Phillips, Sophie) (Entered: 09/06/2024) |
| 09/13/2024 | [72](#) | Statement of Material Facts L.R. 56.1 re [53](#) MOTION for Summary Judgment filed by Rose Shumow. (Attachments: # [1](#) Exhibit 28, # [2](#) Exhibit 29, # [3](#) Exhibit 30, # [4](#) Exhibit 31, # [5](#) Exhibit 32, # [6](#) Exhibit 33, # [7](#) Exhibit 34, # [8](#) Exhibit 35, # [9](#) Exhibit 36, # [10](#) Exhibit 37, # [11](#) Exhibit 38, # [12](#) Exhibit 39, # [13](#) Exhibit 40, # [14](#) Exhibit 41, # [15](#) Exhibit 42, # [16](#) Exhibit 43, # [17](#) Exhibit 44)(Freeley, Austin) (Entered: 09/13/2024) |
| 09/13/2024 | [73](#) | MEMORANDUM in Opposition re [53](#) MOTION for Summary Judgment *of City of Beverly* filed by Rose Shumow. (Freeley, Austin) (Entered: 09/13/2024) |
| 09/27/2024 | [74](#) | REPLY to Response to [53](#) MOTION for Summary Judgment filed by City of Beverly. (Hamel, Matthew) (Entered: 09/27/2024) |
| 09/30/2024 | [75](#) | MOTION for Leave to File Excess Pages by Keolis Commuter Services, LLC, Nathan Drown.(Lee, Jennifer) (Entered: 09/30/2024) |
| 09/30/2024 | 76 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** [75](#) Motion for Leave to File Excess Pages ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the |

| | | CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document. (Phillips, Sophie) (Entered: 09/30/2024) |
|---|---|---|
| 10/01/2024 | 77 | Statement of Material Facts L.R. 56.1 re 53 MOTION for Summary Judgment - *DEFENDANT CITY OF BEVERLYS CONSOLIDATED STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1* filed by City of Beverly. (Hamel, Matthew) (Entered: 10/01/2024) |
| 10/02/2024 | 78 | REPLY to Response to 49 MOTION for Summary Judgment filed by Keolis Commuter Services, LLC, Nathan Drown. (Lee, Jennifer) (Entered: 10/02/2024) |
| 10/02/2024 | 79 | REPLY to Response to 48 MOTION for Summary Judgment filed by MBTA. (Lee, Jennifer) (Entered: 10/02/2024) |
| 10/02/2024 | 80 | MOTION to Strike 62 Statement of Material Facts L.R. 56.1,,, by Keolis Commuter Services, LLC, MBTA, Nathan Drown.(Lee, Jennifer) (Entered: 10/02/2024) |
| 10/02/2024 | 81 | Statement of Material Facts L.R. 56.1 re 48 MOTION for Summary Judgment , 49 MOTION for Summary Judgment filed by Keolis Commuter Services, LLC, MBTA, Nathan Drown. (Attachments: # 1 Exhibit Exhibit 96, # 2 Exhibit Exhibit 97, # 3 Exhibit Exhibit 98, # 4 Exhibit Exhibit 99)(Lee, Jennifer) (Entered: 10/02/2024) |
| 10/09/2024 | 82 | MOTION to Correct 72 Statement of Material Facts L.R. 56.1, by Rose Shumow. (Attachments: # 1 Exhibit 67 Updated DOT Inventory Form)(Freeley, Austin) (Entered: 10/09/2024) |
| 10/09/2024 | 83 | ELECTRONIC NOTICE of Hearing.<br><br>This hearing will be conducted by video conference.<br><br>Status Conference set for 10/25/2024 02:00 PM in Remote Proceeding : Boston before Judge Myong J. Joun.<br><br>Counsel of record will receive a video conference invite at the email registered in CM/ECF. If you have technical or compatibility issues with the technology, please notify the courtroom deputy of the session as soon as possible.<br><br>(Phillips, Sophie) (Entered: 10/09/2024) |
| 10/11/2024 | 84 | Opposition re 82 MOTION to Correct 72 Statement of Material Facts L.R. 56.1, filed by Keolis Commuter Services, LLC, MBTA, Nathan Drown. (Attachments: # 1 Exhibit A) (Lee, Jennifer) (Entered: 10/11/2024) |
| 10/16/2024 | 85 | Opposition re 80 MOTION to Strike 62 Statement of Material Facts L.R. 56.1,,, filed by Rose Shumow. (Freeley, Austin) (Entered: 10/16/2024) |
| 10/23/2024 | 86 | ELECTRONIC NOTICE Canceling Hearing.<br><br>The Status Conference previously set for 10/25/2024 at 2:00 p.m. is **CANCELLED**.<br><br>(York, Steve) (Entered: 10/23/2024) |
| 10/23/2024 | 87 | ELECTRONIC NOTICE Setting Hearing on Motion re 48 Motion for Summary Judgment; 49 Motion for Summary Judgment; 53 Motion for Summary Judgment; 80 Motion to Strike; 82 Motion to Correct.<br><br>**A Motion Hearing is set for 11/14/2024 at 11:00 a.m. in Courtroom 20 (In person only) before Judge Myong J. Joun.** |

| | | (York, Steve) (Entered: 10/23/2024) |
|---|---|---|
| 11/06/2024 | 88 | MOTION to Continue Trial -*DEFENDANTS' MOTION TO CONTINUE TRIAL* by City of Beverly.(Hamel, Matthew) (Entered: 11/06/2024) |
| 11/08/2024 | 89 | ELECTRONIC NOTICE issued requesting courtesy copy for 48 Motion for Summary Judgment, 49 Motion for Summary Judgment, 50 Statement of Material Facts L.R. 56.1, 52 Memorandum in Support of Motion, 55 Memorandum in Support of Motion, 62 Statement of Material Facts L.R. 56.1, 72 Statement of Material Facts L.R. 56.1, 82 Motion to Correct. Counsel who filed these documents are requested to submit a courtesy copy of the document(s) to the Clerk's Office by Close of business on **11/12/2024**. **These documents must be bound in a binder with exhibits tabbed, clearly marked as a Courtesy Copy and reflect the number assigned by CM/ECF.** (York, Steve) (Entered: 11/08/2024) |
| 11/14/2024 | 90 | Electronic Clerk's Notes for proceedings held before Judge Myong J. Joun: Motion Hearing held on 11/14/2024 re 48 Motion for Summary Judgment; 49 Motion for Summary Judgment; 53 Motion for Summary Judgment; 80 Motion to Strike; 82 Motion to Correct. 88 Motion to Continue Trial.<br><br>The Court heard arguments from the parties as to the pending motion and took the matter under advisement. The Court also addressed the parties motion to continue the trial and pick a new trail date.<br><br>(Court Reporter: Jamie Halpin at jkhhalpin@gmail.com.)(Attorneys present: Freeley for the plaintiff; Lee, Bonistalli, Hamel & Simms for the defendants;) (York, Steve) (Entered: 11/15/2024) |
| 11/15/2024 | 91 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 82 Motion to Correct 72 Statement of Material Facts L.R. 56.1. (York, Steve) (Entered: 11/15/2024) |
| 11/15/2024 | 92 | Judge Myong J. Joun: ELECTRONIC ORDER entered **GRANTING** 88 Motion to Continue Trial.<br><br>**Trial is set to begin on 8/18/2025 at 9:00 a.m. in Courtroom 20 (In person only) before Judge Myong J. Joun.**<br><br>(York, Steve) (Entered: 11/15/2024) |
| 03/31/2025 | 93 | Judge Myong J. Joun: ORDER entered. Memorandum of Decision (SP) (Entered: 03/31/2025) |
| 03/31/2025 | 94 | Judge Myong J. Joun: ORDER entered. JUDGMENT (SP) (Entered: 03/31/2025) |
| 04/30/2025 | 95 | NOTICE OF APPEAL as to 93 Memorandum & ORDER, 94 Judgment by Rose Shumow. Filing fee: $ 605, receipt number AMADC-10979701 Fee Status: Not Exempt.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 5/20/2025. (Freeley, Austin) (Entered: 04/30/2025) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ————————————————————— ) <br> ROSE SHUMOW, as personal representative ) <br> of the estate of MOSES SHUMOW ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEOLIS COMMUTER SERVICES, LLC., ) <br> MASSACHUSETTS BAY ) <br> TRANSPORTATION AUTHORITY, ) <br> NATHAN DROWN, AND CITY OF ) <br> BEVERLY, ) <br> ) <br> Defendants. ) <br> ————————————————————— ) | Civil Action No. 1:22-cv-11623-MJJ |

## <u>MEMORANDUM OF DECISION</u>

March 31, 2025

JOUN, D.J.

Rose Shumow ("Plaintiff"), as personal representative of the estate of Moses Shumow

("Mr. Shumow"), brings this wrongful death suit against Keolis Commuter Services, LLC.

("Keolis"), Massachusetts Bay Transportation Authority ("MBTA"), Nathan Drown ("Mr.

Drown"), and City of Beverly (collectively, "Defendants") after a tragic incident, where Mr.

Shumow was fatally struck by a commuter rail train while riding his bicycle across a pedestrian

crossing at the Beverly depot station ("Beverly Station"). Specifically, Plaintiff brings claims of

negligence against Defendants and claims of gross negligence and willful, wanton, and reckless

conduct against Keolis, MBTA, and City of Beverly. Plaintiff contends numerous individuals

have been similarly struck by trains in Beverly, the Beverly Station lacked sufficient audible or

visual warnings of approaching trains and causes a dangerous condition by allowing pedestrians

to cross in front of oncoming trains, Defendant Mr. Drown, the train operator, failed to properly sound the train horn while speeding, and City of Beverly engaged in deceptive acts regarding the station's "Quiet Zone" status.

On July 31, 2024, the MBTA filed a Motion for Summary Judgment, [Doc. No. 48], as did Keolis and Mr. Drown, [Doc. No. 49], and the City of Beverly, [Doc. No. 53]. On October 2, 2024, Defendants also filed a Motion to Strike certain exhibits filed with Plaintiff's statement of material facts. [Doc. No. 80]. A hearing was held on November 14, 2024. [Doc. No. 90]. For the reasons set forth below, Defendants' Motions for Summary Judgment are GRANTED; the Motions to Strike are GRANTED in part and DENIED in part.

## I.    BACKGROUND

Mr. Shumow was a 42-year-old tenured professor at Emerson College in Boston. [*Id.* at ¶¶ 11, 14, 15]. Since June 2019, Mr. Shumow had resided in the City of Beverly. [*Id.* at ¶ 14]. He rode his bicycle to Beverly Station and took the commuter rail train to travel to and from Emerson College on most weekdays. [*Id.* at ¶ 15]. Mr. Shumow was killed when struck by a commuter rail train at Beverly Station on October 22, 2019. [Doc. No. 62 at ¶¶ 8, 15]. At the time of the accident, Mr. Shumow was healthy and did not suffer from any disabilities, illnesses, diseases, affliction, physical handicaps, or impairment of his vision or hearing. [*Id.* at ¶ 16].

### A.  **The Parties**

The accident took place at Beverly Station, which is in the City of Beverly. [*Id.* at ¶¶ 10, 38]. At all relevant times, the MBTA owned Beverly Station platforms, pedestrian crossings, the train tracks, warnings posted at the station, and the subject commuter rail train. [*Id.* at ¶¶ 3-4]. At all relevant times, pursuant to an agreement with the MBTA, Keolis operated the railed train and maintained the rail's assets. [*Id.* at ¶ 6]. Mr. Drown was employed by Keolis as a locomotive engineer and operated the train at the time of the accident. [*Id.* at ¶¶ 7-8]. At the time of the

accident, Mr. Drown had been employed as a locomotive engineer for over 21 years, approximately five of which were with Keolis. [*Id.* at ¶ 91]. He had operated a train on the Newburyport/Rockport line since January 2011 and through Beverly Station over 8,000 times in his career. [*Id.* at ¶ 92].

**B.  Beverly Station and Crossing**

Beverly Station is an outdoor commuter rail station. [*Id.* at ¶ 17]. In 1985, the MBTA made improvements to Beverly Station on its platforms, pedestrian crossings, and fencing. [*Id.* at ¶ 35]. At the time of the accident, the station had two tracks which served the Newburyport/Rockport lines of the MBTA commuter rail network. [*Id.* at ¶ 19]. Track 1 generally serviced the outbound trains and track 2 generally served the inbound trains to Boston. [*Id.*]. There was a parking lot next to each track's platform, which was constructed on or about 2014. [*Id.*] [Doc. No. 50-8 at 8] [Doc. No. 81 at ¶ 204].

Intertrack fencing runs between the two tracks to the ends of the station platforms. [Doc. No. 62 at ¶ 22]. There were three cut-outs in the fencing and grade-level walkways that allowed pedestrians to cross the two railroad tracks. [*Id.* at ¶ 22; Doc. No. 81 at ¶ 128]. Mr. Shumow was struck at the southernmost crossing on track 1. [Doc. No. 81 at ¶ 128].

At the time of the accident, Beverly Station had a yellow tactile strip that ran along the inner edge of each platform, a yellow marking visible on track 1 pavement that read "STAND BACK," bright yellow bollards or posts between the parking lot from the platform, and a yellow sign affixed to the northbound intertrack fencing with the words "LOOK BEFORE CROSSING." [Doc. No. 62 at ¶ 21]. Whether Mr. Shumow would have encountered the signage is disputed. [*Id.* at ¶¶ 21-23]. The crossings at Beverly Station did not have flashing lights, audible alerts, crossing gates, crossbuck signs, stop or yield signs. [Doc. No. 62 at ¶ 129; Doc. No. 81 at ¶ 129].

3

C. **The Accident**

On the date of the accident, Mr. Shumow rode his bicycle to Beverly Station to take the inbound train to Boston at about 8:15 AM. [Doc. No. 62 at ¶ 38]. He was wearing earbuds. [*Id.*]. The accident was captured on the train's cameras. [*Id.* at ¶ 39].

At 08:17:34,[1] the train approached the station with its bells activated on the outbound track. [*Id.* at ¶ 42; Doc. No. 50-5; Doc. No. 62-25]. Five pedestrians and one dog walked over the grade crossing from the track 1 side to the track 2 side 10.93 seconds before impact. [Doc. No. 50-5; Doc. No. 62-25; Doc. No. 62 at ¶ 43; Doc. No. 81 at ¶ 134]. The train engineer did not sound the horn when the group crossed the tracks. [Doc. No. 50-5; Doc. No. 62-25; Doc. No. 81 at ¶ 137].

Mr. Shumow cut through the parking lot and, at 08:17:40, entered the outbound platform. [Doc. No. 50-5; Doc. No. 62-25;Doc. No. 81 at ¶ 142]. He immediately turned right, parallel to the train tracks at 08:17:41, with his back to the train. [*Id.*]. Mr. Drown observed Mr. Shumow on a bicycle traveling parallel to and in the same direction as the train. [Doc. No. 50-5; Doc. No. 62-25; Doc. No. 62 at ¶ 96]. Mr. Shumow quickly glanced towards the train, [Doc. No. 50-5; Doc. No. 62-25; Doc. No. 62 at ¶ 145], and at 08:17:42, suddenly began leaning left and turned his bicycle into the tracks to cross it. [Doc. No. 50-5; Doc. No. 62-25; Doc. No. 81 at ¶ 144]. The train makes impact with Mr. Shumow at 08:17:44. [Doc. No. 50-5; Doc. No. 62-25]. The train's horn was sounded 135 feet and 2.7 seconds before impact. [Doc. No. 50-5; Doc. No. 62-25] [Doc. No. 62 at ¶¶ 146, 147]. Upon collision, Mr. Shumow was knocked off his bicycle and pushed against the intertrack fencing. [Doc. No. 50-5; Doc. No. 62-25; Doc. No. 62 at ¶ 154].

---

[1] The times are taken from the stamped time in the train videos.

An event recorder was located on the locomotive engine. [Doc. No. 62 at ¶ 100]. An event recorder tapes various information taken from the train's engine during its operation, such as: speed of the engine, brake pressure, the use of the horn, the use of the bell, emergency brake application, and throttle use. [*Id.* at ¶ 100]. The event recorder documented the following occurrences leading up to the accident:

1. The train was traveling at 38.2 MPH as it approached the Beverly Station. [*Id.* at ¶ 101].

2. As the train continued to approach and enter the station, the brakes were applied and the train's speed incrementally reduced. [*Id.*].

3. From 8:22:57 to 8:23:30,[2] the train's bells were activated. [*Id.* at ¶ 103]. This commenced 1793 feet before impact. [Doc. No. 81 at ¶ 135].

4. The train's horn sounded from 8:23:27 to 8:23:30. [Doc. No. 62 at ¶ 104].

5. At 8:23:30, the train's emergency brake was applied and the accident occurred. [*Id.* at ¶¶ 101-102]. The train was travelling at 33 MPH. [*Id.* at ¶ 102].

## II.    LEGAL STANDARD

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

Generally, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "To succeed, the moving party must show that there is an absence of evidence to

---

[2] The times recorded on the event recorder appear to be about five minutes and 46 seconds faster than the times recorded on the train video.

support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990).

Once it has made the requisite showing, the burden shifts to the nonmovant to "present definite,

competent evidence to rebut the motion" and demonstrate that a "trialworthy issue persists."

*Vineberg v. Bissonnette*, 548 F.3d 50, 56 (1st Cir. 2008) (internal citations and quotations

omitted). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly

supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d

13, 18 (1st Cir. 2000) (quoting *Anderson*, 477 U.S. at 252).

## III.  ANALYSIS

### A.  <u>Negligence Claims</u>

Defendants argue that Mr. Shumow's negligence claims fail as a matter of law because

Mr. Shumow was the sole cause of his injuries, and the danger was open and obvious such that a

reasonable person in Mr. Shumow's position would not have crossed the tracks.

"Contributory negligence shall not bar recovery in any action by any person or legal

representative to recover damages for negligence resulting in death or in injury to person or

property, if such negligence was not greater than the total amount of negligence attributable to

the person or persons against whom recovery is sought…" M.G.L. c. 231, § 85. "Accordingly, if

[Mr. Shumow] is 'found to be more than fifty percent at fault,' [Plaintiff] may not recover."

*Smith v. United States*, No. 19-cv-30145, 2024 WL 4262846 at *17 (D. Mass. Sept. 23, 2024)

Defendants bear the burden of proving Mr. Shumow was contributorily negligent to bar

recovery, M.G.L. c. 231, § 85, and "[i]t is only in rare instances that this requirement can be said,

as matter of law, to have been satisfied." *Joyce v. New York, N. H. & H. R. Co.*, 301 Mass. 361,

363 (1938); *see also Cleveland v. Hasbro, Inc.*, No. 96-1073, 99 F.3d 1128 at *2-4 (1st Cir.

1996) (Unpublished) ("Matters of proximate cause and comparative fault are, as a general rule,

for the jury; but the settled exception to the general rule applies when a reasonable jury could

reach only one result."). I find that this case is one of those rare instances – Defendants have met

their burden of proving that Mr. Shumow breached his duty of care and that his contributory

negligence far exceeds fifty-one percent to bar recovery. I base my determination largely on

video evidence of the accident and undisputed facts presented by the parties. *O'Brien v. Town of*

*Bellingham*, 943 F.3d 514, 531 (1st Cir. 2019). ("[W]hen the record contains video evidence, the

authenticity of which is not challenged, the court should ordinarily view the facts 'in the light

depicted by the video evidence.'"). Here, "[t]here are no allegations or indications that th[ese]

videotape[s] w[ere] doctored or altered in any way, nor any contention that what [they] depict[]

differ[] from what actually happened." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The videos show Mr. Shumow entering the Beverly Station platform on his bicycle, turn

right briefly perpendicular to the approaching train with its bells ringing, before quickly glancing

towards the train, and ignoring the train's horn, lean left and turn his bicycle into the path of the

oncoming train. From Mr. Shumow's entry to impact, the timeframe is approximately three

seconds. A jury can come to only one conclusion: Mr. Shumow was aware of the train and

attempted to beat it to get across to the other side. "A railroad crossing is universally recognized

as a place of danger and a person approaching one is bound to exercise ordinary care and

prudence for his safety. Generally he must look and listen in such a manner as will enable him to

see or hear an approaching train if one is within the range of his sight or hearing…" *Rice v. Bos.*

*& M.R.R.*, 327 Mass. 479, 482 (1951) (cleaned up). Here, the accident took place at about 8:15

AM at Beverly Station. The platform and pedestrian crossing were clearly visible. Mr. Shumow

was familiar with Beverly Station as he had commuted most weekdays to and from this station.

The videos depict the train with its bells activated and Mr. Shumow hastening to the crossing on

his bicycle in a timeframe of approximately three seconds; they clearly show that Mr. Shumow

did not listen, stop, and took only a split-second glance before turning into the path of the

oncoming train as he "took the chance of crossing the track before the train could reach him." *N. Pac. R. Co. v. Freeman*, <u>174 U.S. 379, 384</u> (1899) (observing that "[t]he duty of a person approaching a railway crossing, whether driving or on foot, to look and listen before crossing the track" was "elementary."). No reasonable jury can conclude that Mr. Shumow did not know that a train was fast approaching; it can reach only one result: Mr. Shumow failed to take reasonable precaution at a recognized place of danger.[3] As in *Freeman*, there were no "obstructions interfering with the view of approaching trains, confusion caused by trains approaching simultaneously from opposite directions, or other peculiar circumstances tending to mislead the injured party as to the existence of danger in crossing the track." <u>174 U.S. at 384</u>. Thus, any recovery sought by Plaintiff must be barred in whole. *See id.* ("contributory negligence on the part of the deceased was so conclusive that nothing remained for the jury").

Plaintiff argues Defendants failed to follow <u>M.G.L. c. 160, § 138</u>, which required a train to sound its whistle at least 1,320 feet before a public grade crossing and to continue sounding it until the engine had traversed such crossing. Plaintiff also points to M.G.L. c. 160 § 138A to show that the MBTA was required to install an audible or visible warning device at the pedestrian crossing. Here, an extra audible or visible warning device or a longer whistle would not have made a difference. *See Freeman*, <u>174 U.S. at 383</u> (cleaned up) ("Any potential "[n]egligence … in these particulars [failure to whistle, or ring the bell] was no excuse for negligence on [deceased's] part."). Even assuming these statutes are applicable to Defendants, no reasonable jury can find from the facts of this case that Mr. Shumow was less than fifty-one percent at fault.

---

[3] To the extent that that an inference can be made that Mr. Shumow did not know that a train was approaching because it is unclear from the videos that he actually saw the train or that he did not hear it because he had on ear buds, Mr. Shumow's negligence is patently clear either way. *See also Joyce*, <u>301 Mass. at 365</u> (finding plaintiff was contributorily negligent in similar circumstances).

B.    **Defendants' Motions to Strike**

Before I move on to consider Plaintiff's remaining claims, I must first address Defendants' Motion to Strike/Preclude Evidence. Regarding Exhibits 45, 46, 54, 55, 63, 70, 82 and 83, offered to show prior accident history at Beverly Station, Defendants argue Plaintiff offers no foundation as to whether prior incidents occurred "under circumstances substantially similar to those at issue in the case at bar." *Moulton v. Rival Co.*, 116 F.3d 22, 26–27 (1st Cir. 1997). Plaintiff counters that the inclusion of evidence of prior accidents and close calls at Beverly Station and other grade station crossings is relevant to show Defendants' awareness of the inherent dangers posed at pedestrian grade crossings, particularly Beverly Station. I agree with Plaintiff and DENY Defendants' motion but allow inclusion only to the extent the exhibits demonstrate Defendants' knowledge of prior accidents or incidents relating to Beverly Station.

Defendants also move to strike Exhibits 41, 42, 43, 47, 48, 50, 51, 52, and 79 pursuant to Fed. R. Evid. 402, asserting that the exhibits concern warning requirements which are irrelevant because they do not apply to Beverly Station and/or do not mandate warning requirements. Plaintiff argues the exhibits are relevant, particularly the MBTA Commuter Rail Design Standards Manual, Exhibit 41, and Exhibits 42, 50, because they apply to Beverly Station and constitute admissible evidence of the MBTA's guidelines regarding station safety. I DENY the motion pertaining to Exhibits 41, 42, 47, 48, 50 for purposes of summary judgment. I evaluate their relevance in further detail in Section III(C) below. I ALLOW the Motion to Strike for the following exhibits: Exhibits 43, which is solely applicable to non-pedestrian crossings, Exhibit 51 and 52, guides which were created pursuant to the American with Disabilities Act and have no application to this action, and Exhibit 79, for similar reasons.

Next, Defendants move to strike post-accident documents, Exhibits 44-46, 56, 63, 67, 85-86, 88, 90, 92, and 93, which Defendants argue are inadmissible pursuant to Fed. R. Evid. 402 and 407. I DENY the motion to the extent the exhibits show prior knowledge but exclude them for all other purposes. I also address the applicability of Exhibit 67 in Section III(C).

Finally, Defendants move to strike out of court statements contained in Exhibits 53, 64, 65, 68, 78, and 83 as hearsay evidence inadmissible pursuant to Fed. R. Evid. 802, lay opinion testimony in Exhibit 71 pursuant to Fed. R. Evid. 602 and Fed. R. Civ. P. 56(c)(4), and expert opinion in Exhibit 75 pursuant to Fed. R. Evid. 703. Because I do not rely on these exhibits to resolve summary judgment, the Defendants' motion is DENIED as moot.

### C.   Plaintiff's Remaining Claims

"The comparative negligence statute is not applicable to intentional or wil[l]ful, wanton, or reckless conduct." *Boyd v. National R.R. Passenger Corp.*, 446 Mass. 540, 548 n.11 (Mass., 2006). Here, where Plaintiff alleges gross negligence and/or willful, wanton, and reckless conduct, such conduct "'requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man.'" *Id.* at 547 (citing Restatement (Second) of Torts, § 500, comment g, at 590 (1965)). Furthermore,

> [t]he mere fact that certain precautions are required by a statute rather than the common law does not of itself make the intentional omission of the statutory precaution reckless indifference to the safety of others. In order that the breach of the statute constitute reckless disregard for the safety of those for whose protection it is enacted, the statute must not only be intentionally violated, but the precautions required must be such that their omission will be recognized as involving a high degree of probability that serious harm will result.

*Id.* at 548 (citing Restatement (Second) of Torts, at § 500 comment e, at 589)). The MBTA, Keolis, and the City of Beverly (the "Remaining Defendants") argue that their conduct, as a

matter of law, did not rise to the level of willful, wanton and reckless conduct. However, Plaintiff argues its claims of recklessness and/or gross negligence arise out of the risk of harm stemming from the Remaining Defendants' failure to comply with state statutes, the national standard of care, their own policies, and their awareness of the risk of harm to pedestrians at Beverly Station like in *Boyd*. I will evaluate whether "on this record, the [P]laintiff has presented sufficient evidence to raise a triable issue of fact whether the [the Remaining D]efendants' conduct was reckless." *Id.* at 549.

Plaintiff's cited Federal Railroad Administration ("FRA") Guidelines and MBTA Design Manual are insufficient by themselves to demonstrate the Remaining Defendants' lacked discretion to choose appropriate safety measures. The MBTA Design Manual, whose use of design standards was required for new installation effective April 19, 1996, does not apply to the design and construction of the Beverly Station, which was built prior to 1996. Importantly, there is nothing in the record to indicate that Beverly Station has undergone renovation on its platforms, tracks, or the stations crossings after 1996, which would make it subject to the MBTA Design Manual. I am not convinced by Plaintiff's argument that the MBTA's production of the MBTA Design Manual in discovery constitutes an "admission" that the manual applied to the Beverly Station nor that the addition of a parking lot near Beverly Station makes it subject to the MBTA Design Manual. Regarding the FRA Guidelines, they "are intended as guidance to railroads," not mandates, and "[i]nclusion of any device identified herein should not, in itself, be considered a requirement for its use." [Doc. No. 50-34 at 2]. As such, the FRA Guidelines and MBTA Design Manual are insufficient by themselves to demonstrate the MBTA lacks discretion to determine safety measures at the Beverly Station. To the extent Plaintiff argues that the Remaining Defendants are subject to M.G.L. c. 160, §§ 138 and 138A, there is no evidence in

the record that Beverly Station's pedestrian crossings are *public* ways to make Remaining Defendants subject to these statutes.[4]

Additionally, the record does not sufficiently show that the Remaining Defendants knew about the inadequacy of its safety measures. Plaintiff identifies certain facts: that the FRA provided regular information and workshops regarding station and pedestrian safety, that the MBTA participated in these workshops and collaborated with the FRA in the Commuter Rail Collision Reduction Committee, that no action was done to enhance pedestrian safety at Beverly Station, and that Beverly Station is one of the twenty most problematic commuter rail stations.[5] In other words, Plaintiff points to a *general* context of conversations to increase pedestrian crossing safety mechanisms by the MBTA. Significantly, Plaintiff does not identify specific requests or complaints directed at the MBTA or any problematic safety measures to put the MBTA on notice. I am also unconvinced that a jury could find that the MBTA had notice or should have known about safety deficiencies where Plaintiff asserts only that an individual was struck by a train in Beverly in 1999, and again in 2004, about 15 and 21 years prior to the accident with Mr. Shumow, where no details regarding the facts and circumstances of those

---

[4] Plaintiff relies on Exhibit 67, [Doc. No. 62-32], an unsigned U.S. DOT Crossing Inventory Form, with a revision date of "11/4/22," to demonstrate that Beverly Station is a public way. However, the language of the form is conflicting as to whether Beverly Station is a private or public way; in fact, it appears to say that the crossing is a private way with public access, see Part I: numbers 17 and 20. "There are specific legal criteria for establishing a 'public way,'…. as not every way open to the public is a 'public way.'" *Barry v. Plan. Bd. of Belchertown*, 96 Mass. App. Ct. 314, 318 (2019). There are no facts from which a jury can find that the crossing at issue was a public way.

[5] In an email to two individuals, one at the DOT and the other at Keolis, Assistant Director of Rail Safety – Commuter Rail states that the twenty commuter rail stations listed in her email "are the top 20 problematic Stations that were identified recently by Keolis Train Engineers." Exhibit 46 [Doc. No. 62-11]. The email is dated April 8, 2020, approximately five months after Mr. Shumow's accident. [*Id.*]. Because the email relates to "Station Safety Signage," it is unclear whether the stations being "problematic" referred to accident occurrences or simply that more signage was needed. *See* [*id.*]. Neither the sender or the recipients of the email were deposed, nor any Keolis train engineers.

incidents are available. Finally, generalized statements from Mark Layman, a retired Amtrak train engineer and Beverly resident, that Beverly Station's crossings are particularly dangerous and that he has experienced many close calls, without more, do not demonstrate that the MBTA had prior knowledge of deficient safety measures.

Thus, where Plaintiff has not sufficiently shown that the Remaining Defendants were subject to and did violate certain safety statutes and regulations and where Plaintiff has not made a sufficient showing that the Remaining Defendants knew about potential inadequacies of its safety measures, there is no triable issue of material fact as to whether the Remaining Defendants' conduct was reckless. *Contrast Boyd*, 446 Mass. at 553 ("the intersection of multiple factors—the alleged violations of two statutes designed to protect the public from harm (which required the taking of simple precautions to reduce an enormous risk), the extreme danger posed by public grade crossings, the residential character of the neighborhood around the Pine Street crossing, the MBTA's awareness that pedestrians and bicyclists sometimes went around lowered safety gates, and the high risk of death resulting from an accident—… create[d] a triable issue of material fact whether the defendants' conduct was, in fact, reckless.").

## IV.    CONCLUSION

For the above reasons, Defendants' Motions to Strike are <u>GRANTED</u> in part and <u>DENIED</u> in part, Plaintiff's Motion for Summary Judgment is <u>DENIED</u>, and Defendants' Motions for Summary Judgment are <u>GRANTED</u>.


SO ORDERED.

/s/ Myong J. Joun
United States District Judge

1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Rose Shumow** ) | |
| Plaintiff, ) | **22-cv-11623-MJJ** |
| **v.** ) | |
| ) | |
| **Keolis Commuter Services, LLC et al** ) | |
| Defendant ) | |

## <u>JUDGMENT</u>

March 31, 2025

**Joun, D.J.**

In accordance with the Court's Memorandum of Decision entered and

dated

March 31, 2025, it is hereby **<u>ORDERED</u>** that this action is dismissed.

**<u>/s/ Myong J. Joun</u>**
Myong J. Joun
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSE SHUMOW, as Personal Representative of the Estate of MOSES SHUMOW, | ) ) ) |
| *Plaintiff* | ) ) |
| v. | ) C.A. NO.  1:22-cv-11623 ) |
| KEOLIS COMMUTER SERVICES, LLC., MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, NATHAN DROWN, and CITY OF BEVERLY, | ) ) ) ) ) |
| *Defendants* | ) ) ) |

<u>NOTICE OF APPEAL</u>

Notice is hereby given that the Plaintiff in the above-captioned case, Rose Shumow, having been aggrieved by certain rulings of this Court, hereby appeals to the United States Court of Appeals for the First Circuit from an order allowing summary judgment as to all defendants entered in this action on the 31st day of March 2025.

Respectfully Submitted,

/s/ *Austin J. Freeley*

Austin J. Freeley, Esq.
Law Office of Austin J. Freeley
BBO# 563349
171 Milk Street
Boston, MA 02109
(617) 723-9538
Freeleybostonlaw@gmail.com

Dated: April 30, 2025

CERTIFICATE OF SERVICE

I, Austin J. Freeley, hereby certify that I have caused a copy of the within documents to be served upon Mathew Hamel, Esq. @ mhamel@piercedavis.com, and
Jennifer Lee, Esq. @ Jennifer.lee@bonistalli-lee.com by electronic mail this 30th day of April 2025.

/s/ Austin J. Freeley
Austin J. Freeley